UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL COLLINS,                )
                                )
            Plaintiff            )
                                )   CAUSE NO. 3:09-CV-495 RM
        v.                       )
                                )
MARK LEVENHAGEN, *et al.*,      )
                                )
            Defendants           )

OPINION AND ORDER

Michael Collins, a *pro se* prisoner, submitted a complaint and a motion for a preliminary injunction. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Collins alleges that he is being denied "reasonable access to religious worship services" (DE 1 at 1) in violation of the First Amendment and the Religious Freedom Restoration Act (RFRA). RFRA was declared unconstitutional as applied to state and local governmental entities and their employees. *See* City of Bourne v. Flores, 521 U.S. 507 (1997). Nevertheless, the Congress subsequently enacted the Religious Land Use and Institutionalized Persons Act (RLUIPA) which provides that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). Therefore, the court analyzes these claims under RLUIPA instead of RFRA.

Mr. Collins alleges that Native American worship services are held from noon to 1:50 pm on Wednesday, but that he can't attend because he works at a prison job during those hours. RLUIPA doesn't define substantial burden, but in a case interpreting the land use provisions of RLUIPA, the court of appeals has stated that, "a substantial burden on religious exercise is one that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise . . . effectively impracticable." Civil Liberties for Urban Believers v. City of Chicago, 342 F.3d 752, 761 (7th Cir. 2003). Mr. Collins' religious exercise hasn't been rendered effectively impracticable because of the timing of the worship services. Though he chooses to work rather than attend services, that is his choice, not a prohibition on worship imposed by these defendants. Mr. Collins isn't required to work and he doesn't have a liberty or property interest in his prison job. *See* DeWalt v. Carter, 224 F.3d 607, 613 (7th Cir. 2000). "We do not read RLUIPA to elevate accommodation of religious observances over an institution's need to maintain order and

safety. Our decisions indicate that an accommodation must be measured so that it does not override other significant interests. Cutter v. Wilkinson, 544 U.S. 709, 722 (U.S. 2005).

> Lawmakers supporting RLUIPA were mindful of the urgency of discipline, order, safety, and security in penal institutions. They anticipated that courts would apply the Act's standard with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.

Cutter v. Wilkinson, 544 U.S. 709, 723 (2005) (citations and quotation marks omitted). Mr. Collins doesn't state a claim under RLUIPA.

Neither does Mr. Collins state a claim for a violation of the First Amendment. Under the First Amendment, prisoners "retain the right to practice their religion to the extent that such practice is compatible with the legitimate penological demands of the state." Al-Alamin v. Gramley, 926 F.2d 680, 686 (7th Cir. 1991). A prison regulation or policy that otherwise might impinge unconstitutionally on an inmate's First Amendment rights will survive a challenge if it is reasonably related to legitimate penological interests. *See* Turner v. Safley, 482 U.S. 78, 89 (1987) and O'Lone v. Estate of Shabazz, 482 U.S. 342, 353 (1987). "The 'free' exercise of religion thus is rather a misnomer in the prison setting." Johnson-Bey v. Lane, 863 F.2d 1308, 1310 (7th Cir. 1988).

Mr. Collins has attached a schedule for the chapel showing that it is in use by some religious group every day of the week, usually twice a day and three times on Saturday. Scheduling conflicts are inevitable and decisions must be made as to how to allocate the prison's limited resources of both staff and space.

> Federal judges must always be circumspect in imposing their ideas about civilized and effective prison administration on state prison officials. The Constitution does not speak with precision to the issue of prison conditions (that is an understatement); federal judges know little about the management of prisons; managerial judgments generally are the province of other branches of government than the judicial; and it is unseemly for federal courts to tell a state how to run its prison system.

Scarver v. Litscher, 434 F.3d 972, 976-77 (7th Cir. 2006) (quotation marks and ellipsis omitted).

> Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice.

Whitley v. Albers, 475 U.S. 312, 321–22 (1986) (citations, ellipsis, and quotation marks omitted). It is not "for the limited competence of federal judges to micromanage prisons." Bruscino v. Carlson, 854 F.2d 162, 165 (7th Cir. 1988).

Scheduling Native American worship services at noon on Wednesday is neither a violation of the First Amendment nor RLUIPA. For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A and the motion for a preliminary injunction is DENIED. SO ORDERED.

ENTERED: October  29 , 2009

/s/ Robert L. Miller, Jr.

                                                          Chief Judge  
                                                         United States District Court

cc: M. Collins